UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANNY EUGENE DOWNING,

           Plaintiff,

                                 Case No. 1:05-cv-120

v.

                                 HON. DAVID W. McKEAGUE

THOMAS S. EVELAND et al.,

           Defendant.
_____/

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. §1983. On March 21, 2005, after undertaking the review required by the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the Court issued an opinion and judgment (docket ##4, 5) dismissing the complaint for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). Now before the Court is plaintiff's timely motion for Reconsideration (docket #6) filed April 8, 2005. For the reasons that follow, the court will deny Downing's motion.

### DISCUSSION

Western District of Michigan Local Civil Rule 7.4(a) provides:

Generally, and without restricting the discretion of the Court, motions for reconsideration which merely present the same issues ruled upon by the Court shall not be granted. The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled, but also show that a different disposition of the case must result from a correction thereof.

In its March 21, 2005 opinion and judgment, this Court concluded that Plaintiff's complaint constituted a challenge to his 2003 guilty plea to first-degree criminal sexual conduct and the subsequent sentencing. The complaint was thus barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). In his motion for reconsideration, plaintiff has not shown that the court was mislead and makes no intelligible arguments that would undermine the Court's reasoning. In fact, plaintiff's motion actually fails to address the basis of the Court's reasoning. Instead, plaintiff argues that defendants engaged in fraud, perjury, and forgery in the proceedings leading up to plaintiff's plea of guilty to first-degree criminal sexual misconduct.

The Court concludes that it stated the law accurately and ruled correctly in its previous Memorandum Opinion. Plaintiff's motion for reconsideration (docket #6) is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 27, 2005                              /s/   David W. McKeague
                                                  DAVID W. McKEAGUE
                                                  UNITED STATES DISTRICT JUDGE